UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND CANARIO,

*Plaintiff*,

v.

THE COUNTY OF ROCKLAND, et al.,

*Defendants*.

No. 24-CV-4470 (KMK)

OPINION & ORDER

Appearances:

Joel Murray Rubenstein, Esq.
German Rubenstein, LLP
New York, NY
*Counsel for Plaintiff*

Robert Benjamin Weissman, Esq.
Saretsky Katz Dranoff Weissman & Maynard, LLP
Elmsford, NY
*Counsel for Defendants Thomas E. Walsh, II, Patrick Frawley, Michael Dugandzic, and Matthew Wohl in their individual and official capacities*

Lorin Ann Donnelly, Esq.
Milber Makris Plousadis & Seiden, LLP
Woodbury, NY
*Counsel for Defendant the County of Rockland*

KENNETH M. KARAS, United States District Judge:

Raymond Canario ("Plaintiff") brings this Action against the County of Rockland ("Rockland"), the Rockland County District Attorney's Office ("DA's Office"), Thomas E. Walsh, II ("Walsh"), Patrick Frawley ("Frawley"), Ryan Sweeney ("Sweeney"), Michael Duganzsic ("Duganzsic"), Peter Walker ("Walker"), the Town of Clarkstown, the Clarkstown Police Department, and an unspecified number of John Does (collectively "Defendants"), alleging, inter alia, deprivation of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth

Amendments, false arrest, malicious prosecution, malicious abuse of process, and denial of a fair trial pursuant to 42 U.S.C. § 1983 ("Section 1983"), defamation under New York law, and negligent hiring, training, supervision, and retention. (*See generally* Compl. (Dkt. No. 4).) Before the Court is Plaintiff's Motion to Reconsider the Court's September 2, 2025 Opinion & Order granting Defendants' Motion To Dismiss (the "Motion"). *See generally Canario v. County of Rockland*, No. 24-CV-4470, 2025 WL 2522046 (S.D.N.Y. Sept. 2, 2025). In particular, Plaintiff seeks reconsideration of the Court's decision as to the Second and Twelfth Claims (the false arrest claims) of the original Complaint and as to all Defendants except Frawley, Duganzsic, Sweeney, and Clarkstown.[1] For the reasons discussed below, the Motion is denied.

Plaintiff submitted his Motion on September 16, 2025. (*See* Pl.'s Mot. for Recons. ("Pl.'s Mem.") (Dkt. No. 86-1).) Defendants Walsh, Frawley, Dugandzic, and Wohl (together "Individual Defendants") submitted their Opposition on October 15, 2025. (*See* Ind. Defs.' Mot. in Opp. to Recons. ("Ind. Defs.' Mem.") (Dkt. No. 90).) Defendant Rockland County submitted its Opposition on October 15, 2025. (*See* Def. Rockland's Mot. in Opp'n to Recons. ("Rockland's Opp.") (Dkt. No. 91).) Plaintiff submitted his Reply on November 11, 2025. (*See* Pl.'s Reply Mem. ("Pl.'s Reply") (Dkt. No. 94).)[2]

---

[1] Claims against these Defendants were dismissed in their entirety because Plaintiff failed to respond to Defendants' arguments in his Opposition to Defendants' original Motion To Dismiss. *Canario*, 2025 WL 2522046, at *5.

[2] Plaintiff elected to submit a single reply brief and did not reply separately to the opposition memoranda filed by Rockland County and the Individual Defendants.

# I. Discussion

## A. Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (quotation marks omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV 5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523 (same).

B. Analysis

Plaintiff's primary argument in support of his Motion is that the Court erred in its analysis by concluding that Defendants had probable cause to arrest him based on discrepancies in reports filed by Plaintiff while he was employed as an assistant building inspector by the mayor of Spring Valley, New York. (Pl.'s Mem. at 2–3; *see also Canario*, 2025 WL 2522046, at *8 (finding that Plaintiff had "failed to proffer any cogent or plausible allegations or reasoning as to why it was unreasonable for the arresting officers to rely upon the 1203 Reports") (alterations adopted).) In support of this argument, Plaintiff points to a decision by Judge Seibel issued on September 2, 2025 in *Ballard v. County of Rockland*, (Bench Ruling (Dkt. No. 75, 24-CV-2944 Dkt.)), the companion case to the instant Action. (Pl.'s Mem. at 2.) In *Ballard*, Judge Seibel addressed a motion to dismiss a complaint filed by Plaintiff Wayne Ballard ("Ballard"), who was arrested in connection with the same investigation that led to Plaintiff's arrest, against the County of Rockland, Walsh, Walker, and Wohl, alleging, inter alia, false arrest and malicious prosecution under 42 U.S.C. § 1983 and New York law. (*See* Dkt. No. 75 at 8 (24-CV-2944 Dkt.).) Ballard "was hired [in October 2019] to run the . . . Spring Valley public works and building departments . . . [and] was charged with overseeing fire and building code compliance, including filing 1203 Reports." (*Id.* at 5.) As part of the investigation into the March 2021 fire at the Evergreen Home for Adults, both Plaintiff and Ballard were arrested and charged with, inter alia, filing a false instrument in the second degree under Penal Law § 175.30. (*Id.* at 6–7.)

*Canario*, 2025 WL 2522046, at *3. Importantly, in that case, the charges against Ballard stemmed from the filing of a single 1203 report in March 2020 (the "2019 Report"). (Dkt. No. 75 at 5–8 (24-CV-2944 Dkt.).) The court in *Ballard* took judicial notice, as did this Court, *Canario*, 2025 WL 2522046, at *2, of the 2017 and 2018 1203 annual reports, but "decline[d] to consider them for the truth of what they say," (Dkt. No. 75 at 22–24 (24-CV-2944 Dkt.)). The *Ballard* court concluded that, because "the 2017 and 2018 1203 Reports, considered for the fact of what they contain, only show[ed] that the [2019] report authored by [Ballard] was different from the earlier [2017 and 2018 reports filed by Plaintiff] . . . [they] do not show that [Ballard's report] was false and the earlier ones were true." (*Id.* at 27.) Additionally, no internal inconsistencies were noted in the 2019 report itself. (*Id.*) Based on this finding, the *Ballard* court "[could not] at this stage find that the Individual Defendants had arguable probable cause to arrest [Ballard]" and declined to dismiss the false arrest claim. (*Id.*)

Plaintiff argues that, since this Court similarly took only judicial notice of the 2017, 2018, and 2019 reports "for the fact of their existence and what they contain, not for the truth of the matters asserted," *Canario*, 2025 WL 2522046, at *1, "[the] reasoning and ruling in *Ballard* [is] applicable to Plaintiff's [f]alse [a]rrest [c]laims in this case" and "Defendants are unable to establish that they had probable cause to arrest Plaintiff," (Pl.'s Mem. at 2). This follows, according to Plaintiff, because the "discrepancies between [the] Reports . . . only show that the Reports authored by Plaintiff were different from the earlier ones." *Id.* (quoting Dkt. No. 75 at 27 (24-CV-2944 Dkt.) (internal quotation marks omitted)). This argument, to the extent it has merit, would at most apply to the Court's analysis of the differences between the 2017 report filed by Plaintiff on July 2, 2019 ("Third 2017 Rpt.") and the 2017 report filed by Manuel Carmona on June 10, 2019 ("Second 2017 Rpt."). *See Canario*, 2025 WL 2522046, at *8

(detailing the "numerous discrepancies between these two reports"). The Court, however, was careful to address inconsistencies not just between these two reports, but also internal inconsistencies within the Third 2017 Report and inconsistencies between the Third 2017 Report and the First 2018 Report, both of which were filed by Plaintiff.[3] As the Court explained:

> Discrepancies also exist between Plaintiff's 2017 and 2018 reports. For example, the 2017 report states that that there were 50 multiple dwellings containing 3 or more dwelling units, of which 40 were inspected, and which contained a total of 50 dwelling units. (Third 2017 Rpt. 5.) In contrast, the 2018 report states that there are 5 such dwellings, which were all inspected, and which contained a total of 150 dwelling units. (First 2018 Rpt. 6.) Similarly, the number of commercial or industrial occupancies went from 36 to 0. (*Compare* Third 2017 Rpt. 5 *with* First 2018 Rpt. 6.)

*Id.* Thus, as Defendants point out, "discrepancies abound," (Rockland's Opp. 1), and "the documents, on their face, contain[] inherent inconsistencies and impossibilities, which may have been reasonably viewed by the arresting officers as false statements or false information, (*id.* at 5).

Plaintiff asks this Court to ignore these documents on the grounds that "neither [of the reports he filed in 2017 or 2018] was established as trustworthy or untrustworthy," so the "mere fact that discrepancies between Reports exist does not necessarily mean either is false" absent some knowledge of the true numbers for each reportable category. (Pl.'s Mem. at 7.) In essence, Plaintiff holds up Schrödinger's Reports and asks the Court to believe that they exist in an unknowable state of truth or falsity. Here, however, the Court need not speculate as to which state of the world we are in because Plaintiff's "reports are, on their face[], self-contradictory, and . . . [Defendants] need[ed] no other documents to establish probable cause to believe the

[3] The Court noted, for example, that out of a total of just 36 commercial or industrial occupancies, Plaintiff impressively managed to inspect 535 of these buildings. *Canario*, 2025 WL 2522046, at *8.

reports contained false statements." (Ind. Defs.' Mem. at 1.) "Indeed, [the reports] contain statements that literally cannot be true," and "they show that [Plaintiff] definitively *did* submit false statements." *Id.* (emphasis in original).

Plaintiff's Motion fails for another reason, namely that he has not met the "strict" standard required to grant a motion for reconsideration. *Shrader*, 70 F.3d at 257. Importantly, in asking for reconsideration, a movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit*, 52 F. Supp. 3d at 523. Defendants specifically addressed the inconsistencies in Plaintiff's 1203 reports in their Motion To Dismiss. (*See* Ind. Defs.' Mem. of Law in Supp. of Mot. To Dismiss at 8–9 (Dkt. No. 65).) However, in his Opposition to Defendants' Motion To Dismiss, Plaintiff argued only that "the presumption of probable cause can be rebutted based on . . . a lack of mens rea." (Pl.'s Opp'n to Mot. To Dismiss 10 (Dkt. No. 73).) The Court addressed this in its Opinion, noting that, "[o]n the contrary, the arresting officers were not under any obligation to inquire into what [Plaintiff's] state of mind might have been when he submitted the [reports]." *Canario*, 2025 WL 2522046, at *8. Plaintiff now seeks to introduce a new argument as to how the Court should have considered the information contained within the 1203 reports, but "[t]his argument was not raised on the motion to dismiss . . . and [a] motion for reconsideration is not [an] opportunity for making new arguments that could have been previously advanced." *Sejdija v. First Quality Maint., L.P.*, No. 22-CV-4487, 2023 WL 2588236, at *2 (S.D.N.Y. March 21, 2023) (internal quotation marks omitted) (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d. 262, 265 (S.D.N.Y. 2012)).

Reconsideration is an "extraordinary remedy to be employed sparingly" and "the movant must show an intervening change of controlling law, the availability of new evidence, or the

need to correct a clear error or prevent manifest injustice." *Sejdija*, 2023 WL 2588236, at *1 (internal quotation marks omitted). Plaintiff has failed to carry this "heavy burden." *Id.* No intervening change of controlling law has been shown, nor has any new evidence been introduced. Not only is the decision in *Ballard* not binding on this Court or any other, as explained supra, the facts and analysis in *Ballard* are sufficiently different from those in this case to distinguish *Ballard* from the present dispute. Finally, no clear error has been demonstrated. To the extent that Plaintiff disagrees with the Court's reasoning and analysis as it pertains to the information contained in the 1203 reports and whether that information was sufficient to support a probable cause finding, Plaintiff may raise such issues on appeal, but disagreement with the Court's analysis is not "a basis for reconsideration." *Bryant v. AB Droit Audiovisuels*, No. 07-CV-6395, 2017 WL 2954764, at *2 (S.D.N.Y. July 11, 2017); *see also Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011) ("The [c]ourt will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012). "Because [Plaintiff] present[s] no new factual information or law that requires a different outcome in the underlying motion, reconsideration is inappropriate." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429, 2008 WL 4525400, at *4 (S.D.N.Y. Oct. 6, 2008) (citation omitted).

## II. Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 86.

SO ORDERED.

Dated: September 18, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge